UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LEE JOHNSON,

        Petitioner,               Case Number: 05-CV-72717

v.                                         HON. GEORGE CARAM STEEH

KURT JONES,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Ronald Lee Johnson has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, a state inmate currently incarcerated at the Boyer Road Correctional Facility in Carson City, Michigan, challenges his convictions for two counts of first-degree criminal sexual conduct, one count of assault with intent to do great bodily harm, and one count of assault with intent to commit sexual penetration. Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed. Petitioner has filed a response to the Motion for Summary Judgment.

I.

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of two counts of first-degree criminal sexual conduct, one count of assault with intent to

do great bodily harm, and one count of assault with intent to commit sexual penetration. On December 9, 1996, Petitioner was sentenced to fifteen to thirty years imprisonment for each of the two criminal sexual conduct convictions, and five to ten years imprisonment for each of the two assault convictions, all to be served concurrently.

Petitioner filed an appeal of right in the Michigan Court of Appeals. The Michigan Court of Appeals affirmed the convictions. People v. Johnson, No. 200721 (Mich. Ct. App. Dec. 1, 1998). Petitioner filed a motion for rehearing which was denied on March 18, 1999.

Petitioner then filed a delayed application for leave to appeal in the Michigan Supreme Court, which was denied on November 29, 1999. People v. Johnson, No. 114668 (Mich. Nov. 29, 1999).

On January 16, 2003, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion. People v. Johnson, No. 95-53249-FC (Oakland County Circuit Court Nov. 19, 2003). Petitioner filed applications for leave to appeal the trial court's denial of his motion for relief from judgment in the Michigan Court of Appeals and Michigan Supreme Court. Both state appellate courts denied leave to appeal. People v. Johnson, No. 253940 (Mich. Ct. App. July 15, 2004); People v. Johnson, No. 126932 (Mich. May 31, 2005).

Petitioner filed the pending petition for a writ of habeas corpus on July 7, 2005.

## II.

Respondent has filed a Motion for Summary Judgment on the ground that the petition was not timely filed.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year limitations period on habeas corpus petitions. Petitioner's application for habeas corpus relief was filed after April 24, 1996. Therefore, the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to Petitioner's application. Lindh v. Murphy, 521 U.S. 320, 337 (1997).

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The Sixth Circuit Court of Appeals has held that the one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. Isham v. Randle, 226 F.3d 69, 694-95 (6th Cir. 2000).

In addition, the time during which a prisoner seeks collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). The limitations period "is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner

3

actually petitions the Supreme Court to review the case." Abela v. Martin, 348 F.3d 164, 172 (6th Cir. 2003) (en banc), *cert. denied sub nom.* Caruso v. Abela, 124 S. Ct. Limitations (May 24, 2004).  However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period.  Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner's conviction became final on February 27, 2000, when his time for filing a petition for a writ of certiorari from the Michigan Supreme Court's denial of his application for leave to appeal expired.   Therefore, absent state collateral review of his conviction, Petitioner was required to file his application for habeas corpus relief by February 27, 2001.  Petitioner sought state collateral review of his conviction.  However, on February 27, 2000, the date the limitations period commenced, Petitioner had no application for collateral review pending.  He did not file his motion for relief from judgment until January 16, 2003.  Thus, the limitations period commenced on February 27, 2000, and continued to run, uninterrupted, until it expired on February 27, 2001.  Petitioner's motion for relief from judgment was not filed until almost two years after the limitations period expired and, consequently, did not serve to toll the limitations period.  The petition, therefore, is untimely.

## III.

For the foregoing reasons, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

        S/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

Dated: March 21, 2006

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on March 21, 2006, by electronic and/or ordinary mail.

        S/Josephine Chaffee
        Secretary/Deputy Clerk