UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LEE JOHNSON,

        Petitioner,                  Case Number: 05-CV-72717

v.                                         HON. GEORGE CARAM STEEH

KURT JONES,

        Respondent.
_____/

**OPINION AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Ronald Lee Johnson filed a *pro se* petition for a writ of habeas corpus. On March 21, 2006, the Court issued an Opinion and Order Granting Respondent's Motion for Summary Judgment and Dismissing Petition for Writ of Habeas Corpus. Petitioner has filed a Notice of Appeal. Thus, the Court must determine whether Petitioner is entitled to a certificate of appealability (COA). *See* Castro v. United States, 310 F.3d 900, 901-02 (6th Cir. 2002) (holding that "a district judge must issue or deny a COA if an applicant files a notice of appeal" without awaiting the filing of an application for a certificate of appealability).

Before Petitioner may appeal the Court's dispositive decision denying his petition, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). The Court must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); In re Certificates of Appealability, 106

F.3d 1306, 1307 (6th Cir. 1997).

When a habeas applicant seeks permission to initiate appellate review of the dismissal of his petition, a federal court should limit its examination to a threshold inquiry into the underlying merit of his claims. Miller-El v. Cockrell, 537 U.S. 322, 336-37 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a prisoner's habeas corpus petition was denied on procedural grounds, a certificate of appealability "should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

Respondent filed a motion for summary judgment on the ground that the petition for a writ of habeas corpus was barred from review because it was untimely. The Court granted Respondent's motion and dismissed the petition for a writ of habeas corpus because it was not timely filed.

Petitioner's conviction became final on February 27, 2000. Therefore, absent state collateral review of his conviction, Petitioner was required to file his application for habeas corpus relief by February 27, 2001. Petitioner sought state collateral review of his conviction. However, on February 27, 2000, the date the limitations period commenced,

Petitioner had no application for collateral review pending.  He did not file his motion for relief from judgment until January 16, 2003.  Thus, the limitations period commenced on February 27, 2000, and continued to run, uninterrupted, until it expired on February 27, 2001.  Petitioner's motion for relief from judgment was not filed until almost two years after the limitations period expired and, consequently, did not serve to toll the limitations period.  The Court found that the petition, therefore, was untimely.

This Court holds that jurists of reason would not find the conclusion that the petition was barred by the limitations period to be debatable or wrong.  *See* Slack, 529 U.S. at 484.  Therefore, Petitioner is not entitled to a certificate of appealability.

Accordingly, **IT IS ORDERED** that a certificate of appealability is **DENIED**.

        s/George Caram Steeh  
        GEORGE CARAM STEEH  
        UNITED STATES DISTRICT JUDGE

Dated:  June 1, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on June 1, 2006, by electronic and/or ordinary mail.

        s/Marcia Beauchemin  
        Case Manager/Deputy Clerk